JUSTICE COTTER
dissents.
¶20 I too dissent, for the reasons set forth in the dissent in McGowan. I write separately to express an additional concern. The DUI per se law, § 61-8-406, MCA, is an absolute liability statute. Section 61-8-406(2), MCA. It does not by its terms call for or require any evidence of intoxication other than the test result itself, in order for a conviction to be obtained. While § 61-8-404, MCA, does provide that “other competent evidence” bearing on the question of intoxication is not prohibited in such cases, the DUI per se statute does not require such evidence-it requires only a numerical value. This difference between the level of proof required in DUI and DUI per se cases is underscored by § 61-8-404(1)(a), MCA, which provides that a person may not be convicted of a violation of § 61-8-401, MCA (the DUI law) without other competent evidence-in addition to any evidence of a measured amount of alcohol-tending to establish that the person was under the influence while driving.
¶21 The Court has seen fit to insert into its Opinion here and in McGowan, other “non-test result” evidence tending to establish that the driver was intoxicated, even though the per se statute does not require it. If it is the intent of the police, the prosecutors and the courts to require the same level of proof in DUI and DUI per se cases, then I submit that the statutes should be amended to either specify that such proof is required in each situation, or to eliminate as superfluous absolute liability per se violations altogether. As it now stands, the language of the respective statutes simply does not support the forced constructions we are supplying.
¶22 For these additional reasons, I dissent.